UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------X
JOSUE ANTONIO LEON SANTAMARIA,

                  Petitioner,

           -against-

KRISTI NOEM, Secretary of Department
of Homeland Security, in her
official capacity; ANTHONY J. LaROCCO,
Sheriff of Nassau County, in his
official capacity; KENNETH GENALO,
Director of Enforcement and Removal
Operations, in his official capacity;
RONALD HARTUNG, Head of Nassau County
Correctional Center, in his official
capacity,

                Respondents.
---------------------------------------X

**ORDER TO SHOW CAUSE**
26-CV-0028(JS)

       Upon consideration of Petitioner's Petition for Writ of Habeas Corpus and pursuant to 28 U.S.C. § 2243,

       **IT IS HEREBY ORDERED** that:

    1. By no later than 5:00 p.m. (EST) on Thursday, January 8, 2026, Respondents shall file a return on this Order to Show Cause why the Petition for Writ of Habeas Corpus should not be granted;

    2. Petitioner shall have until 5:00 p.m. (EST) on Friday, January 9, 2026, to file a reply, if any; and

    3. The Court shall conduct an in-person hearing on this matter on January 12, 2026 at 1:00 p.m. (EST) in Courtroom 1030 located

in the Central Islip Federal Courthouse; <u>Petitioner is to be produced for said hearing.</u>

**IT IS FURTHER ORDERED** that **to preserve the Court's jurisdiction pending a ruling in this matter, Petitioner shall not be removed from the United States unless and until the Court orders otherwise**. <u>See, e.g.,</u> <u>Loc. 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. N.Y. Shipping Ass'n, Inc.</u>, 965 F.2d 1224, 1237 (2d Cir. 1992) ("Once the district court acquires jurisdiction over the subject matter of, and the parties to, the litigation, the All Writs Act [28 U.S.C. § 1651] authorizes a federal court to protect that jurisdiction." (quotations and citation omitted)); <u>Garcia-Izquierdo v. Gartner</u>, No. 04-CV-7377, 2004 WL 2093515, at *2 (S.D.N.Y. Sept. 17, 2004) (observing that, under the All Writs Act, 28 U.S.C. § 1651, a district court "may order that a petitioner's deportation be stayed when a stay is necessary to preserve the Court's jurisdiction of the case"); <u>Khalil v. Joyce</u>, 771 F. Supp. 3d 268, 274 (S.D.N.Y. 2025) (barring the Government from removing petitioner from the United States until court could address petitioner's claim); and

**IT IS FURTHER ORDERED** that, in light of Petitioner's interests in participating in proceedings before this Court and in maintaining adequate access to legal counsel through said proceedings, **Petitioner shall not be transferred except to a**

**facility within this District, the Southern District of New York, or the District of New Jersey absent further order of this Court.** See Ozturk v. Trump, 779 F. Supp. 3d 462, 496 (D. Vt. 2025) (ordering petitioner's transfer from Louisiana to Vermont due, in part, to her pending habeas petition), stay and mandamus denied, Ozturk v. Hyde, 136 F.4th 382, 403 (2d Cir. 2025); see also Clarke v. U.S. Dep't of Homeland Sec., No. 25-CV-6773, Elec. O.S.C. (E.D.N.Y. Dec. 8, 2025) (ordering petitioner not to be transferred pending resolution of petition; collecting cases supporting non-transfer order); and

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to electronically serve a copy of this Order to Show Cause upon the Chiefs of the Civil Division and the Long Island Civil Division of the U.S. Attorney's Office by no later than 2:00 P.M. (EST) on January 6, 2026.  An attorney of the U.S. Attorney's Office is to be appointed forthwith to ensure compliance with the Court's orders contained herein.

**SO ORDERED.**

 /s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:  January 6, 2026  (10:22 a.m. (EST))
        Central Islip, New York